FILED
MAY 20 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITO CORTEZ and PRISCILLA CORTEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>MILI MORTGAGE GROUP; et al.,<br><br>Defendants. | CASE NO. 13-CV-982 BEN (WMC)<br><br>**ORDER DENYING SECOND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Docket No. 6] |

Presently before the Court is Plaintiffs' Second *Ex Parte* Application for Temporary Restraining Order. (Docket No. 6.) For the reasons stated below, the *Ex Parte* Application is **DENIED**.

## BACKGROUND

On April 24, 2013, Plaintiffs Juanito Cortez and Priscilla Cortez initiated this action to set aside the trustee's sale of property located at 4330 Paseo de la Vista, Bonita, California, 91902. (Docket No. 1.) The Complaint alleges ten claims: (1) set aside trustee's sale; (2) cancel trustee's deed upon sale; (3) quiet title; (4) fraud; (5) forcible detainer; (6) breach of covenant of good faith and fair dealing; (7) violation of California Business & Professions Code § 17200; (8) violation of the Truth in Lending Act ("TILA") regulations; (9) declaratory relief; and (10) injunctive relief. (*Id.*)

On April 25, 2013, Plaintiffs filed an *Ex Parte* Application for Temporary Restraining Order ("TRO") to enjoin Defendants "from evicting or barring and interfering with them from re-entry and/or possession of their residential property." (*Ex Parte* App. [Docket No. 4] at 2.) The Court denied this *ex parte* application because Plaintiffs did not set forth facts showing that immediate and irreparable injury would result before Defendants could be heard in opposition or certify in writing that any effort had been made to give notice to Defendants and the reasons why it should not be required.

Presently before the Court is Plaintiffs' Second *Ex Parte* Application for Temporary Restraining Order. (Docket No. 6.) Along with the re-filed *Ex Parte* Application, Plaintiffs' counsel George H. Bye filed a declaration that he had left voicemail messages for Defendants Alegria Real Estate Fund II, LLC, Alegria Real Estate Fund II, LLC, William Gore, and OneWest Bank, FSB, giving them notice of the *Ex Parte* Application. (Docket No. 8.) However, Plaintiffs' counsel did not give notice to the remaining twelve defendants. For three of these defendants, Plaintiffs' counsel asserts that he was unable to locate them. Plaintiffs' counsel claims that the remaining nine defendants are "foreclosure services and title companies with little or no interest in the proceedings at this point." (*Id.* at 2-3.)

## DISCUSSION

A TRO is a form of preliminary injunctive relief limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). To obtain a TRO, similar to a preliminary injunction, Plaintiffs must demonstrate: (1) a likelihood of success on the merits; (2) a risk of irreparable harm absent injunctive relief; (3) the balance of equities tip in favor of injunctive relief; and (4) injunctive relief is in the public interest. *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20 (2008). In addition, an injunction may be issued "where the likelihood of success is such that serious questions going to the merits [are] raised and the balance of hardships tips

- 2 -

13cv982

sharply in plaintiff's favor," assuming the other two elements of the *Winter* test are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (internal quotation marks omitted). Ordinarily before issuing a TRO, the Court must hold a hearing or otherwise provide the opposing party with an opportunity to respond. *See* FED. R. CIV. P. 65(b).

First, in regards to providing notice to the opposing parties, Plaintiffs' counsel has not provided notice to all of the defendants. Attorney Bye filed a declaration that he had left voicemail messages for Defendants Alegria Real Estate Fund II, LLC, Alegria Real Estate Fund II, LLC, William Gore, and OneWest Bank, FSB, giving them notice of the *Ex Parte* Application. (Docket No. 8.) However, Attorney Bye did not give notice to the remaining twelve defendants. (*Id.*) Plaintiffs' counsel claims that he is unable to locate and give notice to three of these twelve defendants, and that the remaining nine defendants are "foreclosure services and title companies with little or no interest in the proceedings at this point." (*Id.* at 2-3.) Attorney Bye does not state that any effort was made to give notice to nine of the defendants in this action.

Second, Plaintiffs fail to establish a likelihood of success on the merits. The *Ex Parte* Application does not assert any facts showing that Plaintiffs have a likelihood of success on the merits. A preliminary review of Plaintiffs' Complaint similarly reveals insufficient factual allegations to establish a likelihood of success on the merits. Because the Court finds that Plaintiffs failed to establish a likelihood of success on the merits, the remaining elements of the *Winter* test need not be addressed.

## CONCLUSION

For the reasons stated above, Plaintiffs' Second *Ex Parte* Application for Temporary Restraining Order is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 20, 2013

HON. ROGER T. BENITEZ
United States District Judge